UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

GUADALUPE ADAMS, Individually,        :
                                      :
            Plaintiff,                :
                                      :
v.                                    :   Case No. 6:18-cv-1046
                                      :
SPANGLES, INC.                        :
A Domestic Company                    :
                                      :
            Defendant.                :
_____:

## COMPLAINT

Plaintiff, Guadalupe Adams (hereinafter "Plaintiff"), hereby sues the Defendant, Spangles, Inc.,  a Domestic Company (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"). In support thereof, Plaintiff states:

1.      This action is brought by Guadalupe Adams, and all persons similarly situated, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) against the owners and/or operators of the Spangle's.

2.      This Court has jurisdiction pursuant to the following statutes:

        a.      28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

        b.      28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

1

       c.     28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3.     Venue is proper in this judicial district and division. Defendant does business in the State of Kansas, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4.     Plaintiff Guadalupe Adams is a resident of Cowley County, Kansas, suffers from cerebral palsy, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104.

5.     Plaintiff Guadalupe Adams is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

6.     Plaintiff Guadalupe Adams has been to the Spangle's, located at 1818 E. Pawnee St, Wichita, Kansas.

7     The Spangle's is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

8     Defendant owns, leases, leases to, or operates the Spangle's, and is responsible for complying with the obligations of the ADA.

## COUNT I

## VIOLATION OF THE ADA

9.     Plaintiff realleges paragraphs one (1)  through eight (8) of this Complaint and incorporates them here as if set forth in full.

10.    Plaintiff  was a patron at the Spangle's on May 16, 2017.

11.     Plaintiff plans to return the property in March 2017, to avail herself of the goods and services offered to the public at the property but for the barriers in existence that deter her from doing so.

12.     There are numerous architectural barriers present at the Spangle's that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the Spangle's are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

13.     Plaintiff, upon visiting the property, personally suffered discrimination because of her disability.

14.     There are several elements and spaces that Plaintiff personally encountered and which discriminated against her based upon her disability, such as:

    a.     There is not an access aisle at the designated accessible parking space for an individual in a wheelchair to utilize.

    b.     There is no signage at the designated accessible parking space to indicate where the accessible parking is located.

    c.     The designated accessible parking space is not located closest to the entrance.

    d.     The designated accessible parking space is located across the parking lot so that an individual in a wheelchair has to traverse across dangerous traffic to enter the premises.

    e.     There is an excessively steep cross slope on the sidewalk that creates a dangerous condition for an individual in a wheelchair.

    f.     There is an excessively steep ramp that leads to the restaurant and creates a dangerous condition for an individual in a wheelchair.

g.      There is a ramp that leads into the restaurant that has an excessively steep slope but no level landing for an individual in a wheelchair to utilize.

h.      There is an adequate number of designated accessible parking spaces.

i.      There are access aisles that lead to curbs so that an individual is unable to utilize such.

j.      There is no insulation around the pipes of the sink in the public restroom that creates a burning hazard to an individual in a wheelchair.

k.      The Defendant maintains a policy to have the trashcan in the public restroom block access to the sink so that an individual in a wheelchair cannot utilize such.

15.      The discriminatory violations described in paragraph 14 of this Complaint are not an exclusive list of the Defendants' ADA violations. The Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the Defendants' buildings and facilities, and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

16.      The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff has been denied access to, and has been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, the opportunity to use such elements, and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

17.      Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Guadalupe Adams has standing to require that all barriers to

access on the property for the mobility-impaired are corrected, not merely only those Guadalupe Adams personally encountered.

18.     Defendants' failure to remove the architectural barriers identified in paragraph fourteen (14) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

19.     It would be readily achievable for the Defendant to remove the architectural barriers identified above.

20.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21.     The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

22.     Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

23.     Guadalupe Adams has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 14 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

24.     Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA.

25.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

27.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

28.     Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court,

Defendant will continue to violate the Constitution and laws of the United States of America, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A.  Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36.

    i.  by failing to bring the Spangle's into compliance with the Standards where it is readily achievable to do so; and

    ii.  by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

B.  Order Defendant:

    i.  to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

    ii.  to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

C.      Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205.

D.      Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,


/s/ Pete M. Monismith____
Pete M. Monismith
Kansas Bar #26379
3945 Forbes Ave., #175
Pittsburgh, PA 15213
724-610-1881 (phone)
412-258-1309 (fax)
pete@monismithlaw.com


**<u>PLAINTIFF'S REQUEST FOR PLACE FOR TRIAL</u>**

Plaintiff Guadalupe Adams hereby requests that trial be held in Wichita, Kansas.

Respectfully Submitted,


/s/ Pete M. Monismith____