IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUADALUPE ADAMS,
  Plaintiff,

 vs.                 No. 18-1034-JTM

COWLEY CINEMA 8, LLC,
  Defendant.


GUADALUPE ADAMS,
  Plaintiff,

 vs.                 No. 18-1046-JTM

SPANGLES, INC.,
  Defendant.


GUADALUPE ADAMS,
  Plaintiff,

 vs.                 No. 18-1047-JTM

REGAL HOTELS, LLC,
  Defendant.


MEMORANDUM AND ORDER

This matter is before the court on the motions of the plaintiff in the three respective ADA accomodation cases seeking reconsidertion of the court's award of attorney fees in favor of the defendants. A motion to reconsider under Fed.R.Civ.P. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such

a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Most of the plaintiff's arguments were or could have been raised in the previous pleadings. Plaintiff does cite (No. 18-1047-JTM, Dkt. 48) authority recognizing that an ADA plaintiff may sue for all barriers to access at an accommodation, including those not initially encountered by the plaintiff. *See Doran v. 7-Eleven*, 534 F.3d 1034 (9th Cir. 2008). But this general principle is not in question. As documented in the court's prior Orders, the plaintiff here engaged in a consistent pattern, across multiple cases, of engaging in vexatious conduct by filing meritless, premature summary judgment motions (in addition to expansive discovery requests) once the defendants undertook action to correct all previously specified barriers. Such conduct betrays rather than advances the goal of barrier remediation, and the court denies the plaintiffs' motions.

The defendants have moved for addition attoney fees of $1575 to compensate for responding to the reconsideration motions. The accompanying affidavit incates that defendants' counsel has filed a single uniform response in each of the three cases, and presumably the total additional award would be split among each of the three defendants. The amount seems reasonable, but the court will reserve ruling on defendants' motions for additional fees until plaintiff has had an opportunity to respond. Such response is, of course, limited to the award of an additonal $1575 in fees.

IT IS ACCORDINGLY ORDERED this day of June, 2019, that the plaintiff's Motions for Reconsideration (*Adams v. Cowley Cinema 8*, No. 18-1034, Dkt. 36; *Adams v. Spangles*, No. 18-1046, Dkt. 48; *Adams v. Regal Hotels*, No. 18-1047, Dkt. 48) are hereby denied.

s/ J. Thomas Marten
J. Thomas Marten, Judge