IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUADALUPE ADAMS,
  Plaintiff,

 vs.                 No. 18-1034-JTM

COWLEY CINEMA 8, LLC,
  Defendant.


GUADALUPE ADAMS,
  Plaintiff,

 vs.                 No. 18-1046-JTM

SPANGLES, INC.,
  Defendant.


GUADALUPE ADAMS,
  Plaintiff,

 vs.                 No. 18-1047-JTM

REGAL HOTELS, LLC,
  Defendant.


MEMORANDUM AND ORDER

The late Guadalupe Adams brought three actions against separate defendants alleging violations of the Americans with Disabilities Act. Finding an extraordinary and indefensible uniform pattern of conduct on the part of plaintiff, the court agreed with defendants' request, and awarded attorney fees in their favor. Subsequently, the court

denied plaintiff's motions for reconsideration. Shortly before the court ruled on those motions, the defendants submitted requests for an additional $1575 in fees to compensate for the costs of responding to the motions for reconsideration. Because the request for additional fees was not fully briefed, the court in its prior Order reserved ruling, although it noted that the fee request appeared presumptively reasonably and that the $1575 would be split among each of the three defendants.

The plaintiff opposes the additional fee award on the grounds that, as to each case, there was no separate determination that the motion for reconsideration *itself* was presented in bad faith. (*See* No. 18-1046, Dkt. 52, at 2). However, the cited case merely sets the standard for an award of attorney fees in the first instance. *See AeroTech v. Estes*, 110 F.3d 1562 (10th Cir. 1997). This court has previously recognized that a party awarded fees may also be entitled to the cost of successfully defending the award on reconsideration. *See Transamerica Premier Ins. v. Growney*, 1996 WL 24150, *1 (D. Kan. Jan. 12, 1996); *Benedictine College v. Century Office Prod.*, 868 F.Supp. 1239, 1241 (D. Kan. 1994). No additional finding of bad faith is required. Here, the defendants' responses to the motions for reconsideration were reasonable and necessary expenses of protecting the award.

The plaintiff has failed to show that the additional fee is either unreasonable in amount, or that under the circumstances the defendants should somehow have not responded to the motions for reconsideration. Accordingly, the court grants defendants' motions (*Adams v. Cowley Cinema 8*, No. 18-1034, Dkt. 38; *Adams v. Spangles*, No. 18-1046,

Dkt. 50; *Adams v. Regal Hotels*, No. 18-1047, Dkt. 50) adding $525 to the awards previously granted in each case.

IT IS SO ORDERED this day of November, 2019.

J. Thomas Marten
J. Thomas Marten, Judge